THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-0335-FDW-DCK

| | |
|---|---|
| CRAIG M. WARDLAW, MARTHA ANN WARDLAW, RICHARD B. BATES and ROGER G. HAYES<br><br>Plaintiffs,<br><br>v.<br><br>SENSIOTEC, INC. and ROBERT ARKIN,<br><br>Defendants. | **PRELIMINARY INJUNCTION ORDER** |

**THIS MATTER** is before the Court upon Plaintiffs Craig M. Wardlaw, Martha Ann Wardlaw, Richard B. Bates and Roger G. Hayes' ("Plaintiffs" or "Shareholders") Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") in the above-captioned case. The Court has considered Plaintiff's Motion, the Verified Complaint, affidavits, memoranda of law and other documents and exhibits filed in support of and in opposition to the Motion, and the arguments of counsel at the hearing of this matter on August 11, 2015 and understands that the parties have agreed, through their respective counsel, to the entry of portions of this Preliminary Injunction. Based on the foregoing, the Court finds that, in addition to the prompt setting of a trial date and entry of an expedited case management schedule in this matter (Doc. # 22), a Preliminary Injunction should be entered as described below.

The Court hereby Orders and decrees that:

1. A Special Committee (the "Committee") is hereby appointed to oversee Robert Arkin's ("Arkin") management of Sensiotec as CEO, monitor compliance with this injunction and approve specific transactions as set forth below.

2. The initial members of the Committee shall be a member chosen by DCX-CHOL (a major shareholder), a member chosen by George Harris (a major shareholder) and a member chosen by GTRC (Georgia Tech Research Corporation (a major creditor)). In the event that one or more members of the Committee are unwilling to serve or appoint a member who is willing to serve then the remaining members of the Committee shall unanimously elect substitute members. If the Committee cannot fill all its positions in that manner then it should notify the Court, which will select the substitute member(s) based on the recommendations of the parties.

3. The Committee shall announce to Plaintiffs and Arkin in a timely manner the date, time and location of each Committee meeting. Plaintiffs and Arkin have the right to actively participate in each meeting, but neither Plaintiffs nor Arkin have a vote on the Committee.

4. If it chooses to do so, the Committee may elect a Chairman. Meetings of the Committee may be called by the Chairman, Robert Arkin or any two members of the Committee with reasonable written notice, sent by electronic transmission (facsimile or email). Proof of such written notice shall be filed with the minutes of proceedings of the Committee. Such filing shall be in paper form if the minutes are maintained in paper form

and shall be in electronic form if the minutes are maintained in electronic form. The Committee shall keep regular minutes of its meetings.

5. Any action required or permitted to be taken at any meeting of the Committee may be taken without a meeting if all members of the Committee consent thereto in writing, or by electronic transmission (facsimile or email) and the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the Committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

6. Members of the Committee may participate in a meeting of the Committee by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this paragraph shall constitute presence in person at the meeting.

7. A majority of the total number of Committee members shall constitute a quorum for the transaction of business. The vote of the majority of the Committee members present at a meeting at which a quorum is present shall be the act of the Committee.

8. In addition to its general powers described above but subject to the limitations of this injunction, the Committee shall have the specific power and duty to continue the business of Sensiotec and to not liquidate its affairs or distribute its assets without approval of the Court, to approve the amount and terms of any borrowing of funds by Sensiotec and to monitor the company's financial accounts (through professionals or

otherwise) to ensure proper uses of funds, collection of revenues and accounting for operations.

9. The Committee shall also have the power to employ at the expense of the company any professional or other employee that it deems necessary to do its work or further Sensiotec's interests. In the Committee's discretion, any person it employs may report directly to the Committee or to Sensiotec's CEO or both as it decides. The Committee shall not have the power to remove Arkin as CEO without approval of the Court. The Committee shall be given full access to Sensiotec's books, records and documents, as such access is needed and necessary to perform its duties and fulfill its purposes as set forth herein.

10. In exercising its duties, the Committee is instructed to consider the best interests of Sensiotec and its shareholders in reaching its decisions. The Committee shall strive at all times to preserve the integrity, good will and assets of Sensiotec. The Court directs all parties to this proceeding to cooperate fully with the Committee to ensure efficient, economical and profitable operations at Sensiotec to the greatest extent possible. No party to this proceeding shall be required to lend or contribute personal funds to Sensiotec.

11. The Committee members shall agree to serve without pay (except for reimbursement of actual expenses incurred in participating in the Committee), but shall be fully indemnified by Sensiotec (in the same manner as if they were serving as directors of the company in accordance with Sensiotec's Articles of Incorporation and Bylaws) for all actions taken in their role as members of the Committee.

12. Robert Arkin, his agents and all others acting on his behalf is hereby, enjoined and restrained until further Order of this Court from doing or causing or permitting to be done any act, transaction or business which will impair or dissipate the financial condition, assets, credit, good name or trade secrets of Sensiotec. Further, he is specifically enjoined and restrained from accessing any Sensiotec bank or financial account, writing any check on behalf of Sensiotec, borrowing any funds for or on behalf of Sensiotec or otherwise handling or being involved in Sensiotec's financial affairs without the approval of the Committee. Mr. Arkin is also enjoined and restrained from preparing, creating, altering or removing any Sensiotec corporate record and document without the approval of the Committee. It is the expectation of the Court that the Committee will permit Arkin reasonable access to Sensiotec's financial accounts and affairs as CEO with regard to the company's routine business, but the Court will permit the Committee to set the "ground rules" for such access and for the particular parameters of Arkin's financial involvement. The Committee will by **August 24, 2015** if at all possible, but no later than **August 31, 2015**, prepare the aforementioned ground rules.

13. Sensiotec, its officers, directors, and employees and anyone with notice of this Order acting with or on Defendants' behalf (the "Prohibited Parties") is hereby enjoined and restrained until further order of this Court or with the consent of all parties from:

> a. Without approval of the Committee and the Court, issuing, selling, conveying or otherwise transferring any capital stock of Sensiotec. Shareholders other than Arkin are not prohibited from selling, purchasing, conveying or otherwise transferring issued and outstanding capital stock of Sensiotec;

b. Holding any election of directors;

c. Paying any salary, repaying any alleged loan or otherwise making any direct payment to Arkin. With the approval of the Committee, Arkin may, however, be reimbursed for reasonable and necessary business expenses actually incurred with the prior approval of the Committee;

d. Without approval of the Committee, entering into any binding contract or agreement or using any funds or assets of the company other than to pay Sensiotec's normal and reasonable expenses incurred during the normal and ordinary course of business;

e. Without approval of the Committee, making any loans to any shareholder or any other person;

f. Without the approval of the Committee, borrowing any funds from any financial institution, entity or individual including, but not limited to, borrowing additional funds or drawing upon any line of credit, or forgiving or altering the terms of any indebtedness owed to Sensiotec provided the terms of such loan shall be commercially reasonable and any proceeds from any such loan shall only be used subject to Paragraph (c) above;

g. Without the approval of the Committee, pledging, mortgaging, offering as security, factoring or otherwise encumbering in any manner any asset of Sensiotec;

h. Destroying, deleting, altering, fraudulently creating, removing, hiding or otherwise making inaccessible any documents or information relating to Sensiotec's business; its current or former shareholders, employees or agents; and any matter raised in the Complaint or other pleadings, including files on any computer, computer system, e-mail or other device;

i. Altering, modifying or fraudulently creating any financial or other records or accounts related to Sensiotec or its operations;

14. The Committee members shall have the right to view documents filed under seal. Further, the Committee shall have authority to grant Sensiotec shareholders access to sealed documents, and the Court will not view such access as violation of the seal order.

15. This injunction was issued orally and its terms are effective as of August 14, 2015 at 4:58 pm. This Order shall remain in effect until further order of this Court or a final determination of this matter after a hearing on the merits.

**IT IS SO ORDERED.**

Signed: August 17, 2015

Frank D. Whitney
Chief United States District Judge