# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV00335-FDW-DCK

| | |
|---|---|
| CRAIG M. WARDLAW, MARTHA ANN WARDLAW, RICHARD B. BATES and ROGER G. HAYES.<br><br>Plaintiffs,<br><br>vs.<br><br>SENSIOTEC, INC. and ROBERT ARKIN,<br><br>Defendants. | **AMENDED PRELIMINARY INJUNCTION** |

**THIS MATTER** is before the Court upon the Parties' "mutual consensual request" (Doc. No. 26) that the Preliminary Injunction in this matter be amended and revised as set forth below pursuant to a settlement agreement. This Amended Preliminary Injunction will self-vacate on September 18, 2015, two weeks from the date of its signing. The Court hereby Orders the Parties to submit to the Court a jointly proposed permanent injunction resolving this matter in its entirety not later than the expiration of this Amended Preliminary Injunction on September 18, 2015.

The Court hereby Orders and Decrees that:

1. A Special Committee (the "Committee") is hereby appointed to oversee management of Sensiotec, monitor compliance with this injunction and approve specific transactions as set forth below.

2. The initial members of the Committee shall be a member chosen by DCX-CHOL (but who may not be Robert Arkin or Efraim Gavrilovich), Kevin Noland (a member chosen by George Harris, a major shareholder) and Tiffany Karp, Executive Director of The Global Center for Medical Innovation, based in Atlanta. In the event that one or more members of the Committee are unwilling to serve or appoint a member who is willing to serve then the remaining members of the Committee shall unanimously elect substitute members.

3. The Committee shall announce to Plaintiffs in a timely manner the date, time and location of each Committee meeting. Plaintiffs shall have the right to attend each meeting, but shall not have a vote, nor participate in the meeting except at the request of the Committee. If requested by a majority of the Special Committee, Robert Arkin may attend and participate in any meeting of the Special Committee.

4. If it chooses to do so, the Committee may elect a Chairman. Meetings of the Committee may be called by the Chairman, or any two members of the Committee with reasonable written notice, sent by electronic transmission (facsimile or email). Proof of such written notice shall be filed with the minutes of proceedings of the Committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form. The Committee shall keep regular minutes of its meetings and send copies to Plaintiffs and Robert Arkin within a reasonable time following the conclusion of each meeting.

5. Any action required or permitted to be taken at any meeting of the Committee may be taken without a meeting if all members of the Committee consent thereto in writing, or by electronic transmission (facsimile or email) and the writing or writings or electronic transmission or transmissions are filed with the minutes of proceedings of the Committee. Such filing shall be in paper form if the minutes are maintained in paper form and shall be in electronic form if the minutes are maintained in electronic form.

6. Members of the Committee may participate in a meeting of the Committee by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this paragraph shall constitute presence in person at the meeting.

7. A majority of the total number of Committee members shall constitute a quorum for the transaction of business. The vote of the majority of the Committee members present at a meeting at which a quorum is present shall be the act of the Committee.

8. In addition to its general powers described above but subject to the limitations of this injunction, the Committee shall have the specific power and duty to continue the business of Sensiotec and to not liquidate its affairs or distribute its assets without approval of the Court, to approve the amount and terms of any borrowing of funds by Sensiotec and to monitor the company's financial accounts (through professionals

or otherwise) to ensure proper uses of funds, collection of revenues and accounting for operations.

9. The Committee shall also have the power to employ at the expense of the company any professional or other employee that it deems necessary to do its work or further Sensiotec's interests. In the Committee's discretion, any person it employs may report directly to the Committee or to Sensiotec's CEO or both as it decides. The Committee shall be given full access to Sensiotec's books, records and documents, as such access is needed and necessary to perform its duties and fulfill its purposes as set forth herein.

10. In exercising its duties, the Committee is instructed to consider the best interests of Sensiotec and its shareholders in reaching its decisions. The Committee shall strive at all times to preserve the integrity, good will and assets of Sensiotec. The Court directs all parties to this proceeding to cooperate fully with the Committee to ensure efficient, economical and profitable operations at Sensiotec to the greatest extent possible. No party to this proceeding shall be required to lend or contribute personal funds to Sensiotec.

11. The Committee members shall agree to serve without pay (except for reimbursement of actual expenses incurred in participating in the Committee), but shall be fully indemnified by Sensiotec (in the same manner as if they were serving as directors of the company in accordance with Sensiotec's Articles of Incorporation and Bylaws) for all actions taken in their role as members of the Committee.

12. Robert Arkin has resigned as CEO effective August 31, 2015, and he has been retained as a Special Advisor to the Committee. Arkin and his agents and all others acting on his behalf are hereby, enjoined and restrained until further Order of this Court from doing or causing or permitting to be done any act, transaction or business which will impair or dissipate the financial condition, assets, credit, good name or trade secrets of Sensiotec. Further, he is specifically enjoined and restrained from accessing any Sensiotec bank or financial account, writing any check on behalf of Sensiotec, borrowing any funds for or on behalf of Sensiotec or otherwise handling or being involved in Sensiotec's financial affairs without the approval of the Committee. Mr. Arkin is also enjoined and restrained from preparing, creating, altering or removing any Sensiotec corporate record and document without the approval of the Committee. The Committee may in its discretion permit Arkin reasonable access to Sensiotec's financial accounts and affairs as Special Advisor to the Committee.

13. Sensiotec, its officers, directors, and employees and anyone with notice of this Order acting with or on Defendants' behalf (the "Prohibited Parties") is hereby enjoined and restrained until further order of this Court or with the consent of all parties from:

a. Without approval of the Committee and the Court, issuing, selling, conveying or otherwise transferring any capital stock of Sensiotec. Shareholders other than Arkin are not prohibited from selling, purchasing, conveying or otherwise transferring issued and outstanding capital stock of Sensiotec;

b. Holding any election of directors;

c. Paying any salary, repaying any alleged loan or otherwise making any direct payment to Arkin except in his capacity as Special Advisor to the Committee. With the approval of the Committee, Arkin may, however, be reimbursed for reasonable and necessary business expenses actually incurred with the prior approval of the Committee;

d. Without approval of the Committee, entering into any binding contract or agreement or using any funds or assets of the company other than to pay Sensiotec's normal and reasonable expenses incurred during the normal and ordinary course of business;

e. Without approval of the Committee, making any loans to any shareholder or any other person;

f. Without the approval of the Committee, borrowing any funds from any financial institution, entity or individual including, but not limited to, borrowing additional funds or drawing upon any line of credit, or forgiving or altering the terms of any indebtedness owed to Sensiotec provided the terms of such loan shall be commercially reasonable and any proceeds from any such loan shall only be used subject to Paragraph (c) above;

g. Without the approval of the Committee, pledging, mortgaging, offering as security, factoring or otherwise encumbering in any manner any asset of Sensiotec;

h. Destroying, deleting, altering, fraudulently creating, removing, hiding or otherwise making inaccessible any documents or information relating to Sensiotec's business; its current or former shareholders, employees or agents; and any matter

raised in the Complaint or other pleadings, including files on any computer, computer system, e-mail or other device;

i. Altering, modifying or fraudulently creating any financial or other records or accounts related to Sensiotec or its operations;

14. The Committee members shall have the right to view documents filed under seal. Further, the Committee shall have authority to grant Sensiotec shareholders access to sealed documents, and the Court will not view such access as violation of the seal order.

15. This Order shall remain in effect until further order of this Court or a final determination of this matter after a hearing on the merits.

Signed: September 3, 2015

Frank D. Whitney
Chief United States District Judge