UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-cv-335-FDW-DCK

| | |
|---|---|
| CRAIG M. WARDLAW, MARTHA ANN WARDLAW, RICHARD B. BATES and ROGER G. HAYES. )<br><br>Plaintiffs, )<br><br>vs. )<br><br>SENSIOTEC, INC. and ROBERT ARKIN, )<br><br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court following oral argument on Plaintiffs' Motion for Expedited Approval of Bridge Loan Financing and to Continue to Stay Trial and Discovery. (Doc. No. 31).

On September 17, 2015, the Court entered a Revised Preliminary Injunction Order ("Order") in this action (Doc. No. 30) establishing a Special Committee ("Committee") to oversee Defendant Sensiotec, Inc.'s ("Sensiotec") management, monitor compliance with the injunction and approve transactions as described in the Order. Subsequently, the Court allowed DCX-CHOL, Enterprises, Inc., a Sensiotec shareholder, to intervene in this action.

Delaware law provides for the appointment of a Receiver to "take charge of [the corporation's] assets, estate, effects, business and affairs …. and to do all other acts which might be done by the corporation and which may be necessary or proper." 8 DCGL §291.

1

Upon the consent of all parties to this action, and for good cause shown, the Court holds and ORDERS as follows:

1. Pursuant to DGCL Section 291, the Court has the authority to appoint one or more persons to be receivers of and for an insolvent corporation to take charge of its assets and affairs. Based on the reasons described above and the other evidence of record in this action, the Court finds that a Receiver should be appointed for Sensiotec as set forth below to protect the company and the interests of the company's shareholders.

2. Matthew May is the managing partner of Acuity CFO, LLC, a company that is a professional services firm with approximately 50 employees that provides finance and accounting support to approximately 200 companies. He is a certified public accountant in Georgia who is familiar with Sensiotec's business and has been serving as the Chairman of the Special Committee. Mr. May is well qualified and willing to serve as a Receiver for Sensiotec for a period of six months or until Sensiotec no longer requires a Receiver, if that occurs sooner.

3. Accordingly, Matthew May of Atlanta, Georgia is hereby appointed to serve as a Receiver for Sensiotec pursuant to DGCL Section 291 until further order of this Court, but in no case for longer than six (6) months from the date of this Order. Mr. May shall have all the powers and title of a receiver appointed under Section 291 of the DGCL. Without limiting the foregoing, the Receiver shall, and is entitled to take control of all the assets, property, franchises, rights, privileges and interests of whatsoever kind of Sensiotec with the power to hold, demand, receive and collect all funds, assets and property belonging to Sensiotec, or in the hands of any debtor, agent, or depository of Sensiotec.

4. The Receiver shall cause a meeting of the shareholders of Sensiotec to be held on or before July 31, 2016 for the purpose of electing a board of directors. The Receiver shall provide notice to all shareholders of the time, place, and agenda of the meeting. The Receiver is directed to use his best efforts to nominate a slate of at least three directors for election to the Board of Directors. In addition, on or before June 1, 2016, Sensiotec's shareholders may nominate candidates for the board of directors. In accordance with the company's bylaws (with the exception of the requirement that 150 days minimum notice of a nomination be provided), on or before June 1, 2016, each shareholder nominated candidate must provide the Receiver with a written consent that he or she shall serve as a director if so elected and the following information:

   a. The name, age, residence, address, and business address of each proposed nominee;

   b. The principal occupation or employment, the name, type of business, and address of the company or other organization in which such employee is carried on of each proposed nominee;

   c. The amount of stock of Sensiotec owned beneficially, either directly or indirectly, by each proposed nominee; and

   d. A description of any arrangement or understanding of each proposed nominee and of each such person with each other or any other person regarding future employment or any future transaction to which Sensiotec will or may be a party.

5. The initial board of directors elected following this Order shall be constituted of three (3) members, who shall each be elected for a one year term. The Receiver shall preside over the board election and shall conduct such board election pursuant to Sensiotec's bylaws (to the extent possible and applicable) and Delaware law and any dispute over the board elections shall be resolved by the Receiver, in his sole discretion. In

accordance with Article 7 of the company's articles of incorporation, no member of the Board of Directors shall be elected without the affirmative vote of the holders of a majority of the voting power of the then-outstanding shares of voting stock of the corporation entitled to vote generally in the election of directors. The alternate method for the election of the Board of Directors allowable under Article 7—i.e. by "the affirmative vote of a majority of the remaining directors then in office, even though less than a quorum of the Board of Directors"—shall not be employed in the election of the initial Board of Directors.

6. At least thirty (30) days before the shareholder meeting, the Receiver shall provide notice to all shareholders of the candidates for board membership and provide each shareholder with the written information required by paragraph 4 above for all candidates. From and after the time that at least three (3) directors have been duly elected: (a) the Receiver shall, in making any decision with respect to Sensiotec, give due consideration to the actions and direction of the board of directors, and, if he concludes to act in a manner inconsistent with such actions and direction, shall provide to the board of directors a written explanation of the basis for his action; and (b) the board of directors shall retain the right to file, at any time, with the Court a motion seeking the dissolution of the receivership.

7. Subject to the provisions of paragraph 6 above if, at any time in his tenure, the Receiver believes that it is in the best interest of Sensiotec to file for bankruptcy protection then he is authorized to do so.

8. Subject to the provisions of paragraph 6 above, the Receiver shall: (A) have the power, authority and sole discretion to manage Sensiotec and to employ or not employ such persons as he deems necessary to preserve and promote the company; (B) be

authorized to employ any professional, secretarial and clerical assistants he deems necessary for the purposes of preserving the assets, property and interests of Sensiotec; and (C) be authorized to establish, maintain, control, and administer such existing or new bank accounts as are reasonable, necessary and customary to carry out Sensiotec's business, including but not limited to all such accounts as currently are in effect. In exercising his management and control over Sensiotec, the Receiver is instructed to consider the best interests of Sensiotec and its shareholders in reaching his decisions. The Receiver shall strive at all times to preserve the integrity, good will and assets of Sensiotec.

9. The restrictions of paragraphs 12 and 13 h and i of the Revised Preliminary Injunction Order with respect to the prohibitions on Mr. Arkin's involvement and the preservation of documents / records are hereby continued, but the restrictions in paragraph 13 a through g in the Order are removed with respect to any action taken by or approved by the Receiver. Further, all provisions in the Order regarding the Special Committee are now moot because the Special Committee is hereby dissolved in light of the appointment of the Receiver. Except as otherwise stated in this Order, the Receiver shall have the full powers described above with respect to the company.

10. The Receiver shall be compensated at the rate of $225 an hour, to be paid from the bridge loan financing approved by the Special Committee, subject to a modification in the terms of such financing to extend the term of the loan to 9 months, with typical reasonable acceleration provisions including upon the filing of a bankruptcy, sale of substantially all the assets of the company, merger or reorganization, but not to include the imposition of a Receivership on the company. The first lien security interests on all

5

company assets provided for in the bridge loan financing shall remain the same. Bridge lenders shall be secured by Sensiotec's assets, now owned or hereafter acquired, only to the extent of the amount of principal, and interest thereon, advanced by such lender under the bridge loan. The Receiver may also be paid from such other financing as may be obtained for the company by the Receiver.

11. The Court directs all parties to this proceeding to cooperate fully with the Receiver to ensure efficient, economical and profitable operations at Sensiotec.

12. The stay of the case management deadlines and trial in this action is hereby continued until further order of the Court. The Receiver is directed to report the status of the case to the Court on or before August 1, 2016.

13. This Order shall remain in effect until further order of this Court or a final determination of this matter after a hearing on the merits.

**IT IS SO ORDERED**.

Signed: March 4, 2016

Frank D. Whitney
Chief United States District Judge