UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-cv-335-FDW-DCK

| | |
|---|---|
| CRAIG M. WARDLAW, MARTHA ANN WARDLAW, RICHARD B. BATES and ROGER G. HAYES. <br><br> Plaintiffs, <br><br> vs. <br><br> SENSIOTEC, INC. and ROBERT ARKIN, <br><br> Defendants. | ORDER AND NOTICE OF HEARING |

THIS MATTER is before the Court upon the Notice provided by the court appointed Receiver ("Mr. May") which included a request for a status conference. (Doc. No. 49). The Court has reviewed this matter, and for the reasons explained below, Mr. Ray's request for a status conference (Doc. No. 49) is DENIED.

The Court finds that it would be beneficial to remind the parties that this is a Court of law, not of equity. As such, this case remains before the Court for one proper purpose: that is, to adjudicate a dispute for damages between Plaintiff stakeholders and Defendant Arkin and, derivatively, Sentiotec, Inc. arising from Mr. Arkin's alleged breaches of contract and various fiduciary duties.[1] If no dispute exists, then this case must be dismissed. Acting as a *de facto* board

---

[1] The Court notes that the appropriate remedies, if any, for Plaintiffs' causes of actions are primarily legal in nature and, thus, the instant suit is an inappropriate vehicle to mete out ownership of Sensiotec's assets, if any. While the Court has no power to force an involuntary bankruptcy, bankruptcy court would appear to be the most appropriate forum to determine and enforce the rights of interested parties.

of directors exercising control via receivership over the operations of a floundering business concern is not the province of a federal court of law.

In its Order appointing Mr. May as Receiver, the Court specifically stated that "in no case" would it continue Mr. May's appointment beyond six months from the date of the appointment Order. (Doc. No. 46, ¶ 3). As Receiver, Mr. May assumed many demanding obligations. Convening a shareholder meeting no later than July 31, 2016, to elect a Board of Directors for Sensiotec was, perhaps, chief amongst these obligations. (Id. at ¶ 4). The Court has no doubt that Mr. May executed his duties with the utmost skill and diligence while confronting many practical difficulties, and sincerely thanks him for his time and expertise. However, the deadline for installing a three member Board of Directors as required by the appointment Order has expired and the Court's intent remains frustrated.[2] This case must proceed to trial so that Plaintiffs' complaint can receive a final determination on the merits.[3] The Court, therefore, declines to extend its appointment Order beyond the allotted six months and Mr. May's court appointment shall expire on September 4, 2016.[4]

IT IS, THEREFORE, ORDERED that Receiver's Request for a Status Conference (Doc. No. 49) is **DENIED.**

IT IS FURTHER ORDERED that the Receivership established by the Court's prior Order (Doc. No. 46) shall automatically terminate on **September 4, 2016, at 5:00 p.m.**

---

[2] The Court notes also that the "Special Committee" established by the Amended Preliminary Injunction failed to ever materialize.
[3] The Court notes that this case was originally scheduled for trial in November 2015. (Doc. No. 22).
[4] Merely because the Receiver's court ordered authority will expire as Ordered does not prevent Mr. May's retention by the parties. The parties are free to continue using Mr. May's services should they so choose.

IT IS FURTHER ORDERED that the Amended Preliminary Injunction (Doc. No. 28) entered "pursuant to a settlement agreement" and the Revised Preliminary Injunction (Doc. No. 30) staying this this case are **TERMINATED**.

IT IS FURTHER ORDERED that this case is scheduled for trial on the Court's January trial calendar. The administration of the remainder of this case shall be governed by the Amended Case Management Order entered herewith.

**IT IS SO ORDERED.**

Signed: August 2, 2016

Frank D. Whitney
Chief United States District Judge